UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YUNIER PEREZ-ALMAGUER,

Petitioner,

v. Case No. 3:26-cv-2268-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION CENTER, et al.,

Respondents.

---

# ORDER

Petitioner Yunier Perez-Almaguer, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Memorandum of Law in Support (Doc. 1; Petition) on August 31, 2026. See generally Petition. Perez-Almaguer, a citizen of Cuba, was temporarily detained at the border and paroled into the United States on April 30, 2021. Id. at 2; Doc. 5-1 at 6. On June 25, 2026, United States Immigration and Customs Enforcement (ICE) re-detained him. Petition at 2. As relief, Perez-Almaguer seeks, inter alia, immediate release. Id. at 20.

The Federal Respondents understand Perez-Almaguer to argue that his continued detention violates the Immigration and Nationality Act. Response to Petition for Writ of Habeas Corpus (Doc. 5) at 3–4. The Eleventh Circuit

Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Perez-Almaguer, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Perez-Almaguer was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Perez-Almaguer's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Memorandum of Law in Support (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Perez-Almaguer an individualized bond

[1] Because the Court finds that Perez-Almaguer is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Perez-Almaguer, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record
Yunier Perez-Almaguer

[2] Perez-Almaguer argues that a bond hearing would be an insufficient remedy because the immigration judge "may treat the [Court's] referral as an occasion to press the underlying case toward removal rather than to test the necessity of custody." Petition at 16. But the Court has previously ordered the government to provide petitioners like Perez-Almaguer with bond hearings, see, e.g., Martinez Cardoso v. Warden, N. Fla. Det. Facility, No. 3:26-cv-2607-MMH-SJH, 2026 WL 3059212 (M.D. Fla. Oct. 13, 2026), and those petitioners have received such hearings based on the Court's orders, *see* Automated Case Information, EOIR, *available at* https://acis.eoir.justice.gov/en/. In any event, Perez-Almaguer is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).